STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE

v.

JOHN FONTAINE,

      Defendant

UNIFIED CRIMINAL DOCKET
No. CR-12-4193
TDW – CUM – 1/20/2013

ORDER

Before the court is defendant's motion to suppress certain statements. A hearing on that motion was held on December 20, 2012.

The facts are straightforward. On June 23, 2012 Officer Longanecker of the South Portland Police Department was called to the Food Court at the Maine Mall based on a report of an assault. Longanecker was informed by the dispatcher that a white male in a black shirt was leaving the scene.

When Longanecker responded to the area in his cruiser, he had a brief conversation with a loss prevention officer who directed Longanecker's attention to a white vehicle traveling on Philbrook Avenue and informed Longanecker that the male who had left the scene was a passenger in that vehicle.

Longanecker stopped the vehicle, using his blue lights, on John Roberts Road. At that point Fontaine got out of the passenger side of the vehicle and immediately approached Longanecker, moving quickly toward him. As he came toward Longanecker, Fontaine made a statement about "hitting Josh" and requested that Longanecker not arrest him, adding that he was on federal probation.[1]

---

[1] There is no dispute that those statements were spontaneous utterances made when defendant was not in custody and the defense is not seeking to suppress those statements.

Concerned about the manner in which Fontaine had rushed towards him, Longanecker told Fontaine to stop where he was and placed Fontaine in handcuffs for officer safety. After he had handcuffed Fontaine, Longanecker patted him down for weapons and found none. At that point, with Fontaine still in handcuffs, Longanecker asked Fontaine what had happened. Longanecker did not give Fontaine any Miranda warning at that time.

In response to Longanecker's question, Fontaine offered some information about a prior encounter with Joshua Jensen (the alleged victim of the assault) and stated that Jensen had followed him and had threatened to "fuck him [Fontaine] up."

Fontaine is seeking to suppress the statements he made after he was handcuffed in response to Longanecker's question as to what had happened and to a further question by Longanecker was to whether Jensen had elaborated on what he meant when he said he was going to "fuck him up."

The motion to suppress turns on whether Fontaine was in custody for purposes of Miranda when he responded to Longanecker's two questions after Longanecker had handcuffed him and whether, even if Fontaine was in custody, the "public safety" exception to Miranda is applicable here. See New York v. Quarles, 467 U.S. 649, 656-59 (1984).

Whether a person is in custody for Miranda purposes requires evaluation of a number of factors to determine whether a reasonable person in the defendant's position would have believed that he was under arrest or was constrained to a degree associated with formal arrest. State v. Michaud, 1998 ME 251 ¶ 4, 724 A.2d 1222, 1226. In this case, the court has considered the factors set forth in Michaud and concludes that a reasonable person in Fontaine's position, having been handcuffed and frisked under the circumstances of this case, would have believed that he was under arrest or was

2

constrained to a degree associated with formal arrest. See United States v. Newton, 369 F.3d 659, 676-77 (2d Cir. 2004).[2]

At the same time the court finds that Officer Longanecker's actions in handcuffing Fontaine were motivated and justified by officer safety. However, the Miranda exception under New York v. Quarles applies only to questions designed to elicit information necessary for the officer's safety and the safety of the public. See 467 U.S. at 658-59 (distinguishing between "questions necessary to secure [police officers'] safety or the safety of the public" and questions designed to elicit testimonial evidence); United States v. Newton, 369 F.3d at 677-79.

In this case Officer Longanecker acted reasonably in handcuffing Fontaine when Fontaine exited the vehicle in which he was riding and swiftly approached Longanecker. However, once Longanecker had handcuffed Fontaine, Longanecker's questions focused on what had happened at the mall and not on any immediate issue relating to Longanecker's safety or the safety of the public. Accordingly, Fontaine's motion to suppress is granted as to the statements Fontaine made in response to the two questions Longanecker posed after Fontaine had been handcuffed handcuffed. See State v. Brann, 1999 ME 113 ¶15, 736 A.2d 251.

Defendant's motion to suppress statements is granted to the extent set forth above.

Dated: January 22, 2013

Thomas D. Warren
Justice, Superior Court

---

[2] A person may be detained without being in custody for purposes of Miranda. See Berkemer v. McCarty, 468 U.S. 420, 436, 440 (1984); United States v. Newton, 369 F.3d at 669. Where Fontaine had been handcuffed and frisked, more than a simple investigatory detention occurred here.

3

Docket No  CUMCD-CR-2012-04193

**DOCKET RECORD**

DOB: 07/05/1976
Attorney: GEORGE HESS                    State's Attorney: STEPHANIE ANDERSON
          GEORGE A HESS ESQ
          11 LISBON ST., LEWISTON
          PO BOX 423
          AUBURN ME 04212-0423
          APPOINTED 10/12/2012

## Charge(s)

1   ASSAULT                                      06/23/2012 SOUTH PORTLAND
Seq 8382  17-A  207(1)(A)          Class D
  LONGANECKER        / SPO

## Docket Events:

06/28/2012 FILING DOCUMENT -  CASH BAIL BOND FILED ON 06/26/2012

06/28/2012 Charge(s): 1
        HEARING -  ARRAIGNMENT SCHEDULED FOR 08/22/2012 at 08:30 a.m. in Room No.  1

        NOTICE TO PARTIES/COUNSEL
06/28/2012 BAIL BOND - $100.00 CASH BAIL BOND FILED ON 06/26/2012

        Bail Receipt Type: CR
        Bail Amt:  $100
                                  Receipt Type: CK
        Date Bailed: 06/23/2012   Prvdr Name: JOHN  FONTAINE
                                  Rtrn Name:
        682
08/09/2012 Charge(s): 1
        SUPPLEMENTAL FILING -  COMPLAINT FILED ON 08/06/2012
        JAMES  TURCOTTE , ASSISTANT CLERK
09/13/2012 BAIL BOND -  CASH BAIL BOND DEFAULTED ON 08/22/2012

        Date Bailed: 06/23/2012
        682
09/13/2012 BAIL BOND -  CASH BAIL BOND NOTICE SENT ON 09/13/2012

        Date Bailed: 06/23/2012
        682
09/13/2012 Charge(s): 1
        HEARING -  ARRAIGNMENT FTA ON 08/22/2012
        WILLIAM  BRODRICK , JUSTICE
09/13/2012 BAIL BOND - $1,000.00 CASH BAIL BOND SET BY COURT ON 08/22/2012
        WILLIAM  BRODRICK , JUSTICE
        NO THIRD PARTY BAIL                                        W/ COND
09/13/2012 WARRANT - $1,000.00 FOR FAILURE TO APPEAR ORDERED ON 08/22/2012
        WILLIAM  BRODRICK , JUSTICE

NO THIRD PARTY CASH BAIL TO WEDS 8:30 ARRAGNMENT. NOT TO BE AT THE MAINE MALL. NO CONTACT;
JOSHUA JENSON.
09/13/2012 WARRANT - $1,000.00 FOR FAILURE TO APPEAR ISSUED ON 09/13/2012

NO THIRD PARTY CASH BAIL TO WEDS 8:30 ARRAGNMENT. NOT TO BE AT THE MAINE MALL. NO CONTACT;
JOSHUA JENSON.
09/26/2012 Charge(s): 1
HEARING - ARRAIGNMENT SCHEDULED FOR 10/12/2012 at 01:00 p.m. in Room No. 1

09/26/2012 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 09/26/2012
JAMES TURCOTTE , ASSISTANT CLERK
CERTIFIED COPY TO SHERIFF DEPT.
09/28/2012 WARRANT - FOR FAILURE TO APPEAR RECALLED ON 09/28/2012

09/28/2012 WARRANT - FOR FAILURE TO APPEAR CANCEL ACKNOWLEDGED ON 09/28/2012 at 08:34 a.m.

09/28/2012 WARRANT - $1,000.00 FOR FAILURE TO APPEAR ORDERED ON 08/22/2012
WILLIAM BRODRICK , JUSTICE
CONDITIONS: NO THIRD PARTY, CASH BAIL, TO WEDS 8:30 ARRAIGNMENT. NOT TO BE AT THE MAINE
MALL, NO CONTACT: JOSHUA JENSON.
09/28/2012 WARRANT - $1,000.00 FOR FAILURE TO APPEAR ISSUED ON 09/28/2012

CONDITIONS: NO THIRD PARTY, CASH BAIL, TO WEDS 8:30 ARRAIGNMENT. NOT TO BE AT THE MAINE
MALL, NO CONTACT: JOSHUA JENSON.
10/18/2012 WARRANT - FOR FAILURE TO APPEAR RECALLED ON 10/18/2012

DEF WAS TRANSPORTED TO COURT AND ARRAIGNED ON 10/12/12 - BAIL HAS BEEN SET AND RETURN DATE
ORDERED
/S/ K. RAY, ASSOC. CLERK
10/18/2012 WARRANT - FOR FAILURE TO APPEAR CANCEL ACKNOWLEDGED ON 10/18/2012 at 10:09 a.m.

10/18/2012 WRIT - HABEAS CORPUS TO PROSECUTE REMANDED ON 10/12/2012
WILLIAM BRODRICK , JUSTICE
10/18/2012 Charge(s): 1
HEARING - ARRAIGNMENT HELD ON 10/12/2012
WILLIAM BRODRICK , JUSTICE
DA: ANGELA CANNON
DEFENDANT INFORMED OF CHARGES. 21 DAYS TO FILE MOTIONS                    TAPE #4380
10/18/2012 Charge(s): 1
PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 10/12/2012

10/18/2012 BAIL BOND - CASH BAIL BOND SET BY COURT ON 10/12/2012
WILLIAM BRODRICK , JUSTICE
$300.
10/18/2012 HEARING - DISPOSITIONAL CONFERENCE SCHEDULED FOR 12/04/2012 at 08:30 a.m. in Room No. 7

10/18/2012 TRIAL - JURY TRIAL SCHEDULED FOR 01/28/2013 at 08:30 a.m. in Room No. 11

10/18/2012 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 10/12/2012

10/18/2012 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 10/12/2012
WILLIAM BRODRICK , JUSTICE
COPY TO PARTIES/COUNSEL

10/18/2012 Party(s): JOHN H FONTAINE
ATTORNEY - APPOINTED ORDERED ON 10/12/2012

Attorney: GEORGE HESS
11/26/2012 OTHER FILING - OTHER DOCUMENT FILED ON 11/21/2012

NOTICE FROM DEF ATTY THAT DEF IS IN CCJ
11/26/2012 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 11/26/2012
DEBBIE COOK , ASSISTANT CLERK
CERTIFIED COPY TO SHERIFF DEPT.                                    DEF IS IN FED
CUSTODY
12/04/2012 HEARING - DISPOSITIONAL CONFERENCE HELD ON 12/04/2012
JOYCE A WHEELER , JUSTICE
Attorney: GEORGE HESS
DA: ROBERT ELLIS
CONF HELD                                                  *DEF NOT
TRANSPORTED, WRIT DENIED BY FEDS.                    MOTION TO BE FILED AND
HEARD 12-20-12.  FED WRIT TO BE DONE.
12/04/2012 Charge(s): 1
MOTION - MOTION TO SUPPRESS EVIDENCE FILED BY DEFENDANT ON 12/04/2012

12/04/2012 Charge(s): 1
HEARING - MOTION TO SUPPRESS EVIDENCE SCHEDULED FOR 12/20/2012 at 01:00 p.m.

NOTICE  TO PARTIES/COUNSEL
12/04/2012 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 12/04/2012

CERTIFIED COPY TO SHERIFF DEPT.                                    DEF IS IN FED
CUSTODY
12/21/2012 Charge(s): 1
HEARING - MOTION TO SUPPRESS EVIDENCE HELD ON 12/20/2012
THOMAS D WARREN , JUSTICE
Attorney: GEORGE HESS
DA: ROBERT ELLIS
Defendant Present in Court

TAPE 4584                                                    STATES BRIEF
DUE 1/4/13                                        DEFENDANTS BRIEF DUE 1/11/13
                                    UPONE RECEIPT OF THE DEFENDANTS BRIEF THE
STATE IS TO IMMEDIATELY INFORM THE CLERKS OFFICE OF WHETHER OR NOT A REPLY IS FORTHCOMING.
12/21/2012 Charge(s): 1
MOTION - MOTION TO SUPPRESS EVIDENCE UNDER ADVISEMENT ON 12/20/2012
THOMAS D WARREN , JUSTICE
12/21/2012 CASE STATUS - CASE FILE LOCATION ON 12/21/2012

FILE WITH JUSTICE WARREN
01/11/2013 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 01/10/2013

01/16/2013 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/15/2013
THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL
01/16/2013 MOTION - MOTION TO CONTINUE FILED BY DEFENDANT ON 01/16/2013

01/16/2013 OTHER FILING - MEMORANDUM OF LAW FILED ON 01/16/2013

Attorney: GEORGE HESS
IN AID OF MOTION TO SUPPRESS

01/22/2013 MOTION - MOTION TO CONTINUE DENIED ON 01/22/2013
THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL

DENIED UNLESS THE ANDROSCOGGIN
CASE REFERRED TO BY COUNSEL IN FACT FOES FORWARD ON JAN. 28. IF THE ANDRO CASE IS RESOLVED
ON THE MORNING OF JAN. 28, COUNSEL SHALL CALL THE COURT IN CUMBERLAND FOR INSTRUCTIONS AS
TO WHETHER TO REPORT FOR JURY SELECTION ON THAT DATE.

01/22/2013 WRIT - HABEAS CORPUS TO PROSECUTE ISSUED ON 01/28/2013 at 08:30 a.m. in Room No. 11

CERTIFIED COPY TO SHERIFF DEPT.

01/22/2013 Charge(s): 1
MOTION - MOTION TO SUPPRESS EVIDENCE GRANTED ON 01/22/2013
THOMAS D WARREN , JUSTICE
COPY TO PARTIES/COUNSEL                                      IN THIS CASE
OFFICER LONGANECKER ACTED REASONABLY IN HANDCUFFING FONTAINE WHEN FONTAINE EXITED THE
VEHICLE IN WHICH HE WAS RIDING AND SWIFTLY APPROACHED LONGANECKER. HOWEVER, ONCE
LONGANECKER HAD HANCUFFED FONTAINE, LONGNACKER'S QUESTIONS FOCUSED ON WHAT HAD HAPPENED AT
THE MALL AND NOT ANY IMMEDIATE ISSUE RELATING TO LONGANECKER'S SAFETY OR THE SAFTEY OF THE
PUBLIC. ACCORDINGLY, FONTAINES MOTION IS GRANTED ORDER CONT

01/22/2013 ORDER - COURT ORDER FILED ON 01/22/2013
THOMAS D WARREN , JUSTICE
GRANTED AS TO THE STATEMENTS FONTAINE MADE IN RESPONSE TO THE TWO QUESTIONS LONGNAKER
POSED AFTER FONTAINE HAD BEEN HANDCUFFED. SEE STATE V BRANN. DEFENDANT'S MOTION TO
SUPPRESS STATEMENTS IS GRANTED TO THE EXTENT SET FORTH ABOVE. SEE ORDER

A TRUE COPY
ATTEST: _____
                    Clerk